GAYOSO vs. HICKEY.

APPEAL FROM THE COURT OF THE THIRD DISTRICT.

Where the sheriff returns "nothing made nor no property of the defendant found, and this writ expiring the same is returned," it offers no evidence of the fact on which the surety is responsible.

The law requires that the sheriff shall return the execution into court, after endorsing on it a report, in which he shall declare that he has found no property to seize, notwithstanding the demand made of the parties; and in the absence of these formalities the surety cannot be called on to pay.

The facts are fully stated in the opinion of the court, delivered by PORTER, J.

The plaintiff, by motion made in the court of the first instance, sought to make the defendant responsible for the amount of an appeal bond which he had executed as surety of one Wikoff. The execution which issued against the principal has the following return endorsed by the sheriff: "nothing made, nor no property found of defendant's; and this writ expiring, the same is returned." It is contended this return, not being such as the law requires, it offers no evidence of the fact on which the surety is responsible.

Such is the opinion of this court. The Code of Practice expressly requires the sheriff, in case he cannot find effects to satisfy the execution, to call on the defendant to point them out. Should he fail to designate any, application is to be made to the judgement creditor; and in case the application to him is unsuccessful, "the sheriff shall return the execution into court, after endorsing on it a report, signed by him, in which he shall declare that he has found no property to seize, notwithstanding the demand made of the parties." *C. P.* 726-7.

The return in this instance neither complies with the letter nor spirit of this provision. It is obvious that although the

Where the sheriff returns "nothing made nor no property of defendant found, and this writ expiring the same is returned," it offers no evidence of the fact on which the surety is responsible.

The law requires that the sheriff shall return the execution into court, after endorsing on it a report, in which he shall declare that he has found no property to seize, notwithstanding the demand made of the parties; and in the absence of these formalities the surety cannot be called on to pay.

sheriff, by his own exertions, could not find property, he might have done so when aided by the knowledge of the parties to the suit. But whether the result would have been different or not would seem to be immaterial, for the surety cannot be called on to pay until those means which the law has provided for the seizure of the principal's property have been pursued. *C. P.* 596.

The other evidence introduced in the cause, if it could supply the defect in the return of the sheriff, does not do so.

It is, therefore, ordered, adjudged and decreed, that the judgement of the District Court be reversed, and that there be judgement for defendant, as in case of nonsuit, with costs in both courts.