THOMAS WELSH *v.* THOMAS RODNEY SHIELDS and another.

An overseer, whose services have continued during one year, and a part of the second, has, under art. 3184 of the Civil Code, § 1, a privilege on the crop of the second year, valid against a third person, who purchases during the second year the plantation and crop then in the ground. The privilege, which had been acquired before the sale, could not be divested by it. Such a privilege is not required to be recorded, in order to preserve it. C. C. 3226, 3243.

No dilatory exception can be pleaded after a judgment by default. Act 20th March, 1839, § 23.

APPEAL from the District Court of Terrebonne, *Deblieux,* J.

*J. C. Beatty,* for the appellants.

*Stevens* and *Thibodeaux,* for the defendant.

SIMON, J. This is a suit brought by an overseer against his employer, for the amount of his salary. The petition states, that the defendant, Shields, owes the plaintiff the sum of $900, for his services, as an overseer on Shields' plantation, during the year 1841 ; that said plantation has been lately transferred and delivered into the possession of R. R. Barrow, the other defendant, who has it in his possession, as well as the whole crop raised thereon during the year 1842 ; and that the petitioner has in law, a lien on the crop taken off in 1842, as well as on all the stubble cane which may be in the ground, to secure the payment of his claim. He prays, that the crop of 1842, and the stubble cane growing on the plantation, to a value sufficient to satisfy his claim, may be sequestered ; and that he may have judgment, with privilege on the property sequestered, &c.

Shields did not answer, and a judgment by default was taken against him. The other defendant, Barrow, joined issue, alleging that he purchased the plantation and crop of his co-defendant, in the year 1842 ; that the plaintiff has no lien or privilege on the crop and stubble cane sequestered ; and that if the plaintiff ever had any privilege, it is lost and prescribed, &c.

Judgment was rendered below in favor of the plaintiff, against Shields, for the sum of $900 ; and the plaintiff's claim against Barrow was rejected, denying him the privilege prayed for. From this last judgment, the plaintiff has appealed.

The evidence shows, that the plaintiff was an overseer on Shields' plantation, during the year 1841, and part of 1842; and that he was, at the time the testimony was taken, (April, 1843,) still overseer on the same place; that his wages were $900; that the plaintiff was employed on the same plantation, in 1843, by Barrow, who was in possession as owner; and that $900 was a fair rate for the wages of such an overseer as the plaintiff, in 1841. It is further established that the writ of sequestration, issued in this case, was executed during the rolling season of 1842; that Barrow was then in possession as owner; that 40 hogsheads of sugar, being part of the crop of 1842, and 50 *arpens* of stubble cane, then in the ground, were sequestered.

The decision of this cause depends, in a great measure, on the construction of art. 3184, § 1, of the Civil Code, which is in these words : " The debts which are privileged on certain moveables, are : 1st, *the appointments or salaries of the overseer for the year last past, and so much as is due of the current year, on the product of the last crop, and the crop at present in the ground.*" This article supposes, that there may be cases in which an over-seer, who has made a crop on a plantation, may continue to be employed on the same plantation for a part of the following year. In such a case, where his salary has not been paid for the preceding year, and any part of his wages for the current year be due, the law allows him a privilege on the proceeds of the last crop, and on the crop which is in the ground at the time that his services are interrupted or ended. 3 Robinson, 216. This is exactly the case under consideration, except that in this case, the privilege is sought to be exercised against a third person, who during the second year, not only purchased the plantation, but also the crop then in the ground. Hence, the question is presented, can this circumstance deprive the plaintiff of the privileges which he had legally acquired, at the time of the sale of the place ? Besides the general object of the law, which is to secure to overseers the payment of their salaries, there are certain circumstances which show, that the right set up by the plaintiff is resisted on mere technical objections, and that advantage is sought to be taken of his situation, and of the confidence which he may have had in his new employer. If this be true, equity, at least, cannot permit that his

right should be infringed or defeated. The circumstances alluded to are, that the defendant, Barrow, after having bought the place, kept the plaintiff in his employ as overseer; that the latter finished the crop for Barrow's account, and continued to act for him as overseer for the year 1843. It is true, no claim is set up for 1842; but when Barrow purchased the place in 1842, the plaintiff's privilege on the crop then growing, had already been acquired, for the security of the amount due him for the last preceding year. In answer to this, it is said, that Barrow had no notice of there being any privilege claimed for an overseer's salary. But how can this be a ground for depriving the plaintiff of his right? The law does not require that such a privilege should be recorded. Civil Code, art. 3243 and 3226. The plaintiff's privilege existed on the growing crop at the time of the purchase by Barrow, by the mere effect of the law. Until the sale of the plantation, with the crop then in the ground, the latter belonged to Shields, against whom the right could be exercised. This Barrow must have known, as no one can be presumed to be ignorant of the law. He was aware that a privilege might exist on the growing crop, in favor of the overseer, for the current, and for the preceding years; and it was, perhaps, his duty to inquire and ascertain at the time of the sale, whether the crop that he was then purchasing, was affected with this kind of privilege. This he might easily have known, from the very person whom he kept in his employment; and who, perhaps, unaware of the purchase, had no notice to give of the existence of a right which the law secured, and which he had long before acquired.

With this view of the question, we must come to the conclusion, that the plaintiff did not lose his privilege by the transfer of the place to another person; that the defendant, Barrow, purchased the crop, subject to the right previously acquired by the plaintiff; and that the inferior court erred in not allowing the latter the exercise of his privilege.

As to the dilatory exception insisted upon by the defendant's counsel, we think it cannot avail him. It was filed too late, as a judgment by default had been previously entered. Act of 20th March, 1839, § 23. Bullard & Curry's Digest, p. 157.

It is, therefore, ordered, that, as it respects the defendant, Bar-

row, the judgment of the District Court be annulled, and reversed; and that the amount of the judgment rendered below against the defendant, Shields, in favor of the plaintiff, and unappealed from, be satisfied, by privilege, out of the proceeds of the property sequestered in due course of law, with the costs of both courts.