## JAMES LYNCH *v.* JOSEPH BURR.
## CHARLES TATMAN *v.* JOSEPH BURR and others.

A judgment in favor of B. against L. having been affirmed on appeal, the former, under the act of 1839, propounded interrogatories to S. & J., who had been L.'s security on his appeal bond, who answered that they were not indebted to the latter, but had in their possession effects belonging to him, deposited with them as collateral security against any liability they might be subjected to as his factors, or securities, &c. T., a creditor of B.'s, having attached the judgment in favor of the latter, against whom he had not yet obtained judgment, took a rule in his suit against B., on the latter, on L., and on S. & J., to show cause why the effects mentioned in the answer of S. & J. to the interrogatories propounded in the first suit, should not be delivered to the sheriff to be sold, and the proceeds applied to the satisfaction of the judgment in favor of B., but deposited in court subject to its future order. *Held,* that S. & J. could not be proceeded against by a rule taken in the suit against B , to which they were strangers ; and that, had they been made garnishees therein, no judgment could be obtained against them, before judgment had been rendered against B., and then only as to the effects belonging to the latter ; and that the effects in their hands belonged to L., not to the debtor of T.

Sureties on an appeal bond are liable only where it is shown, that there is not sufficient property of the debtor to satisfy the execution. C. P. 596. This fact can be proved only by the return of the officer, charged with the execution of the judgment, showing a compliance with all the requirements of the law. A return that no property was found, and that no demand was made of the debtor because he could not be found, without showing that any demand was made of the plaintiff in execution, his agent, or counsel, is insufficient to render the sureties liable. C. P. 726, 727.

No proceedings can be had against the sureties on an appeal bond, where the *fi. fa.* against the debtor was returned into court before the return day. *Per Curiam :* Had the execution remained longer in the hands of the officer, he might have found property. At all events, the surety is entitled to the advantage of every legal delay.

THESE appeals were brought up from the District Court of the First District, BUCHANAN, J.

MORPHY, J.   A judgment obtained by Joseph Burr, junior, against James Lynch, in the first of these suits, for \$4,868 48, having been affirmed by this court, Burr took out an execution on the 28th of March, 1844, and, pursuant to the act of 1839, amending the Code of Practice, put interrogations to S. & J. P. Whitney, who had been Lynch's sureties on his appeal bond. The garnishees answered, that they were not indebted to Lynch in any amount whatever, but that they had in their hands

certain papers and effects, of which they annexed a list to their answers ; that the said papers and effects had been placed in their charge by James Lynch in March, 1841, and so far assigned to them as to stand as collateral security for all and any liability which they might incur for said Lynch, as his agents, factors, or securities, &c. As soon as these answers were made, Charles Tatman, who had attached the judgment in favor of Joseph Burr, junior, his debtor, but who had not yet obtained any judgment against him, took a rule in the second of these suits, on the defendants therein, on S. & J. P. Whitney, and on James Lynch, to show cause why the deeds, bonds, merchandize, &c. described in the answers of the garnishees in the case of *Lynch* v. *Burr, Jun.*, should not be delivered up to the sheriff to be sold, and the proceeds applied in satisfaction of the judgment rendered in favor of Joseph Burr, junior, but said proceeds to be deposited in court subject to such order as might thereafter be made in the suit. This rule having been made absolute, S. & J. P. Whitney appealed. On the 21st of June following, an *alias fieri facias* was taken out in the suit of *Lynch* v. *Burr, jun.*, which writ was returned, as issued through error, on the 24th of the same month, and on the same day a *pluries fieri facias* was placed in the hands of the sheriff. The return endorsed upon it mentions that in conformity with the order made on the rule in the case of *Tatman* v. *Burr, jun. et al.*, (a copy of which was annexed to his writ,) he called upon S. & J. P. Whitney, garnishees, and demanded of them to deliver up the property, deeds, bonds, &c. mentioned in said order, to which they answered, that they had appealed from such order to the Supreme Court, and had signed a bond to that effect, and they refused to deliver any thing. A motion was then made by the plaintiff in execution, for a judgment against S. & J. P. Whitney, personally, as sureties of Lynch on the appeal bond. This motion having prevailed, and judgment having been entered up against them accordingly, they appealed.

We are clearly of opinion that there is error in the judgment ordering the delivery and sale of the assets in the hands of the appellants, at the instance of Charles Tatman, the attaching creditor. They were strangers to his suit against Burr, Jun.,

and could not be proceeded against by a rule therein.    But even had they been made garnishees; no action or judgment could be had against them, before a final judgment was obtained against the defendant Burr, and then only in relation to funds or property belonging to the latter.    5 Mart. N. S. 308.    12 La. p. 16. The assets in the hands of the appellants belonged to James Lynch, and not to the debtor of Charles Tatman.

As regards the rule taken on the sureties of Lynch on the appeal bond, our first enquiry must be, whether the proper steps have been taken to fix their liability, which begins only when it is shown, that, on the execution of the judgment there is not sufficient property of the debtor to satisfy the same.    Code of Practice, article 596.    9 La. p. 229.    This fact can legally appear only from the return of the officer charged with the execution of such judgment, showing a compliance with all the requirements of the law.    The record exhibits three executions. The first neither pursues nor refers to the judgment for which the appellants became sureties on the appeal bond.    It purports to have been issued under a judgment obtained by Joseph Burr against Lynch, for $4587 75, while that, the amount of which is sought to be recovered under this rule, is for $4868 48.    It may well be doubted whether such an execution could be the basis of a proceeding against the sureties, even were the return upon it in strict conformity with law ; but this return, while it mentions that no property was found, and that no demand was made of the defendant in execution, because he could not be found, does not show that any was made of the plaintiff, or of his agent or counsel.    We have held that such a return, not being that required by law, offers no evidence of the fact which alone can render the sureties liable.    Code of Practice, articles 726, 727. 4 La. 301.    17 La. 404.    This return is, moreover, contradicted by the proceeding instituted while the execution was in force, which shows that the debtor had assets in the hands of his sureties.    The second execution was not acted upon, but immediately returned into court, as issued through error.    Under the third execution, which is the only one pursuing and correctly reciting the judgment rendered in the case, no demand for property of the debtor appears to have been made of any one.    The return

of the sheriff upon it, merely mentions that, in conformity with the judgment rendered against S. & J. P. Whitney, in the suit of *Tatman* v. *Burr, Jun.*, he called upon them to deliver certain papers and effects, which they refused to give up, on the ground that they had appealed from such judgment. This return by no means shows that no property was found, or even that there existed no other property of the defendant than that which the appellants refused to surrender. It further appears that this writ was returned into court long before the return day. Had it remained longer in the hands of the officer, he might possibly have found other property. At all events, the surety in such a case, is, we think, entitled to, and can insist upon having the advantage of every legal delay. 12 Mart. p. 676. The plaintiff in execution might have followed up the proceeding begun under the act of 1839, and obtained in the same suit an order of court to compel the garnishees forthwith to deliver to the sheriff the property in their hands. B. and C.'s Digest. p. 459. If, instead of doing so, he has thought proper to abandon that proceeding, and to resort to a personal recourse against the sureties on the appeal bond, he must show that the law has been strictly pursued, and that none of the formalities provided for their benefit and protection, has been omitted. This, we think, he has omitted to do.

It is, therefore, ordered, that the judgment of the District Court in these cases be reversed; and it is further ordered, that the rules therein taken be discharged, with costs in both courts.

*Bradford*, for the appellants.

*Lockett* and *Micou*, contrâ.