### D. A. WOGAN v. W. W. THOMPSON.

A specific return of "*Nulla bona*" on execution against the defendant is not necessary to fix the liability of the surety on appeal bond.

Where there has been a change in the condition of the defendant, so that the creditor cannot take out execution, or make a levy under execution, the liability of the surety on the appeal bond, is at once fixed.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Goold & Stansbury*, for plaintiff. *Emerson & Huntington*, for defendant and appellant.

BUCHANAN, J. This appeal is taken by the surety on an appeal bond, from a judgment against him after execution against his principal, which was returned unsatisfied, "the defendant having obtained a stay of proceedings against his person and property from the Third Judicial District Court, for the parish of Jefferson." The appellant relies upon the phraseology of the 20th section of the Act of 1839, (page 170 of the session Acts) requiring the specific return of "nulla bona" to fix the liability of the surety on an appeal bond; and he quotes the overruled case of *Chalarou* v. *McFarlan*, in 9th La. Rep. But the law and the decisions upon this matter were fully reviewed in *Ally* v. *Hawthorn*, 1st Annual, page 122; and we adhere to the doctrine there enunciated, that if the creditor cannot take out an execution or make a levy under an execution, by reason of a change in the condition of the judgment debtor's estate, which prevents its being reached by that process, the liability of the surety on the appeal bond is immediately fixed.

Judgment affirmed with costs.