## ADELINE W. TRIMBLE *v.* FRANCIS BRICHTA.

The Sixth District Court of New Orleans has jurisdiction of a rule against a surety on an appeal bond, the principal in which is dead, and his succession under administration in the Second District Court.

If the judgment debtor be dead, the creditor may proceed against the surety in the appeal bond, without previously issuing execution against the judgment debtor.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J. *Stansbury,* for plaintiff.   *A. Hennen,* for appellant.

SPOFFORD, J.   The plaintiff had judgment against *Francis Brichta,* the original defendant, in the Sixth District Court of New Orleans.

*Brichta* took a suspensive appeal from that judgment to this court, and gave the present appellant, *Osborne,* as surety on his appeal bond.

Pending the appeal, *Brichta* died.   His succession was opened in the Second District Court of New Orleans, and the curator was made a party to the suit pending on appeal in this court.   Upon a final hearing, the judgment of the Sixth District Court was affirmed.

The plaintiff then took a rule in the Sixth District Court, on *Osborne,* surety on the suspensive appeal bond, to show cause why he should not be condemned to pay the plaintiff's judgments against *Brichta.*

*Osborne* answered that *Brichta* was dead; that his succession was under

administration in the Second District Court; and that the plaintiff was bound to wait until it should judicially appear by the result of the administration, that the judgment could not be satisfied out of that estate, before pursuing the surety.

The appeal bond, signed by the surety in the usual form, was offered in evidence.

The case was submitted upon the admission of parties, "that the succession of *Brichta* was under administration in the Second District Court of New Orleans, and that there are no funds in the hands of the executor for the payment of the judgment herein."

Upon a hearing, the rule was made absolute against the surety, and he has appealed.

The point is made here, that the Sixth District Court was wholly without jurisdiction to try the rule against the surety. The argument is founded upon the 3d section of the Act "relative to successions," approved March 15th, 1855, (Sess. Acts, p. 399,) which declares, "that the court in which the succession was opened, shall have exclusive cognizance of all suits against sureties on bonds of appeal, and all others which they are bound by law to receive or exact from appellants and administrators, tutors, curators, and executors generally; and no such suit shall be instituted against the security, until the necessary steps have been taken to enforce payment against the principal."

Without attempting, at this time, to construe the meaning of the above section further, it suffices to observe, that this was not a bond of appeal which the Second District Court was bound to receive, or ·did receive or exact, from the appellant; the case then does not come within the operation of the law cited.

The other position taken by the appellant is, that the rule against the surety was premature, because the "necessary steps" had not been taken to enforce payment against the principal.

The law upon this subject has not been changed by the Acts of 1855. The last clause in sec. 3d of the Act of March 15th, 1855, hereinbefore cited, is but a reenactment, *totidem verbis*, of the latter part of sec. 6 of the Act of March 16th, 1842. Sess. Acts, p. 303. Notwithstanding that law, it was held, after mature consideration and a thorough review of the cases, in *Alley* v. *Hawthorne*, 1 An. 123, that "if the creditor cannot take out his execution on the judgment, by reason of a change in the condition of the debtor's estate, which prevents its being reached by that process, the law requires from him no act in order to secure his immediate recourse against the surety on an appeal bond."

The doctrine of that case has been followed since, and applied to securities upon other bonds named in the Act of March 16, 1842, § 6. *Wells* v. *Roach ; Wogan* v. *Thompson ; Bourgeat* v. *A. Lewis*, 10 An.

There has been no change in our legislation, which destroys or impairs the force of the reasoning upon which the judgment in *Alley* v. *Hawthorne* was based.

It would have been an idle thing for the plaintiff to take out execution against the original defendant, *Brichta*, after his death. No step was therefore "necessary" to be taken against the principal.

Judgment affirmed.