JULES LEVOIS *v.* H. C. THIBODAUX, Tutrix.

*The surety on an appeal bond cannot be made liable where the Sheriff's return to the writ of fi. fa. does not show that a demand was made on both plaintiff and defendant to point out property, the parties being present or represented in the parish.*

APPEAL from the District Court of the Parish of Terrebonne, *Roman*, J.
*Beatty & Bush*, for plaintiff. *R. D. Jordan and E. W. Blake*, for defendant and appellant.

MERRICK, C. J. This is a suit to make the defendants, as the representatives of *Henry C. Thibodaux*, deceased, liable as sureties upon an appeal bond signed by him as surety for *E. D. Burguires*.

It is only necessary to consider one of the grounds of defence to the action. It is objected by the defendant that the Sheriff's return does not show that a demand was made of the parties as required by Articles 596, 726 and 727 of the Code of Practice, and the sec. 20 of the Act of 1839, p. 170. Two writs of *fieri facias* issued on the judgment affirmed by this court. To the first, the Sheriff returned that he was unable to find any property of the defendant after dilligent search and inquiry : To the second he returned that he made demand of the defendant and was by him answered that he had no property wherewith to satisfy this writ and being unable after diligent search and inquiry to find any property belonging to the defendant, that he returned the writ.

The return spoken of in Article 596, C. P. and in the Act of 1839, sec. 20, is the legal return of the execution contemplated by Articles 726, 727, C. P. It is not sufficient where the parties are present or represented in the parish, to call upon one of them to point out property ; the demand must be made upon both, if practicable. This was held in the case of *Gayoso* v. *Hickey*, 4 L. R. 301, and has since been confirmed and approved in the cases of *Conway* v. *Jones*, 17 L. R. 416, and *Lynch* v. *Burr*, 10 Rob. 138 ; and *Alley* v. *Hawthorn*, 1 An. 123. We are not aware of any decisions overruling these cases. The returns of the sheriff are therefore insufficient in not showing that the sheriff applied to the judgment creditor, his agent or counsel, to point out property. 10 Rob. 138.

In the case of *Guay* v. *Andrews*, 8 An. 141, the want of a demand on the defendant in execution was excused on account of the removal of the defendant from the parish.

It is, therefore, ordered adjudged, and decreed by the court, that the judgment of lower court be avoided and reversed, and that there be judgment in favor of the defendant as in case of nonsuit, the plaintiff and appellee paying the costs of both courts.

SPOFFORD, J., took no part in this case.