## JOHN PERKINS v. SAMUEL BARD and GEORGE G. WILSON.

In order to bind the surety on an appeal bond, it is necessaey to require the creditor to point out property on the neglect or refusal of the debtor to do so. The demand on *both parties* is essential.

The loss of the obligation sued upon must be proven before secondary evidence can be received of its import.

APPEAL from the District Court of the Parish of Carroll. *Farrar*, J. *W. G. Wyley* and *C. C. Briscoe*, for plaintiff. *J. W. Montgomery* and *Louis Selby*, for defendants and appellants.

BUCHANAN, J. This is a rule against a surety on an appeal bond, to render him liable for the amount of the judgment against his principal.

The following is the return of the Sheriff upon the *fi. fa.* against the principal in the bond:

"Received this *fi. fa.* on the 25th June 1860, and on the 26th of the same month and year, I demanded the amount of debt, interest and costs as herein specified from the defendant Samuel Bard in person, at his residence in the parish of Ouachita, Louisiana, when he refused to pay the same; and I hereby certify that Samuel Bard has no property real or personal, nor rights or credits to my knowledge within this parish, by which I could cause to be made the debt and interest and costs as within

PERKINS
*v.*
BARD AND WILSON.

specified, or any part thereof, as by the within writ commanded;—that I applied to the said Samuel Bard, who pointed out no property;—wherefore I return this writ."

This return is not sufficient to fix the liability of the surety on the appeal bond. Article 727 of the Code of Practice requires that the Sheriff demand of the judgment creditor,—to point out property, on the neglect or refusal of the debtor to do so. The demand of both parties has been held essential to fix the surety on the appeal bond, by this court, in the cases of *Lynch* v. *Burr*, 10th Rob. 136, and *Gayoso* v. *Hickey*, 4 La. 301. See also *Gray* v. *Andrews*, 8th An., p. 141.

The original appeal bond has probably been lost, although no proof of that fact is in the record. On the trial of the rule, a copy of the bond, taken from the transcript in this court, was given in evidence. To this evidence the surety objected, on the ground that it was but the copy of a copy, and that the original should have been produced. This objection being overruled, the surety reserved his bill of exceptions.

This bill of exceptions was well taken. The loss of the bond should have been proved before giving secondary evidence of the obligation sued upon.

It is therefore adjudged and decreed, that the judgment of the Court below be reversed; and that there be judgment upon the rule in favor of the appellant Wilson, as in case of nonsuit; plaintiff and appellee to pay costs.

LAND, J., absent.