No. 1972.—JOHN S. SIMONDS *v.* MRS. MARY HEINN—JOHN HAEBERLE. Surety, etc.

In this case, the appellee took a rule on the app. llant, to test the solvency of the surety on the bond. The appellant, as is alleged, fearing that he could not sustain the solvency of the surety, abandoned the appeal. Held—That the abandonment of the appeal for this reason did not release the surety on the bond.

As a general rule, no proceedings can be had against the surety on an appeal bond, if the *fieri facias* has been returned into court before the return day. But where the return of the sheriff on the writ shows that demand was made and the judgment debtor had gone into bankruptcy, thereby putting it out of the power of the judgment creditor to pursue him any further under execution. Held—That the liability of the surety became fixed from that moment; that no further proceeding under execution being possible against the judgment debtor, the creditor was at liberty to proceed by rule against the surety on the appeal bond

APPEAL from Fifth District Court, parish of Orleans. *Eeaumont,* J. *B. Egan,* for plaintiff and appellee. *M. Grivot,* for appellant.

HOWE, J. John Haeberle has appealed from a judgment, upon a rule condemning him as surety upon the appeal bond of Mrs. Mary Heinn. He contests his liability upon three grounds.

*First*—Because the plaintiff took a rule in the lower court to set aside the appeal of Mrs. Heinn, on the ground that the surety (Haeberle) was not solvent, and caused the rule to be continued until a day later than the return day of the appeal; and that Mrs. Heinn, "fearful of not establishing the solvency of her surety failed to file the

Simonds v. Mrs Mary Heinn—John Haeberle, Surety.

record," and the appeal was thus abandoned. He contends that in this regard the plaintiff committed a wrong of which he can not take advantage. We hardly think that such a point will be seriously insisted on. The proceeding to set aside the appeal had been practically waived by the continuance complained of, and if the appellant abandoned her appeal through fear of not being able to establish the solvency of her surety, the consequences of such unnecessary alarm ought not to be visited on the appellee.

*Second*—Because the surety was discharged by agreement of plaintiff. We observe, in the record, a rather distressing conflict of testimony on this point, but a careful examination of the evidence satisfies us that the court below did not err in concluding that the surety failed to make out this defense. We find no consideration for this alleged discharge. If it existed at all, it must have been a gratuitous remission, and though such a remission is perfectly valid, it is somewhat uncommon in the experience of business life. Certainly, in a case like the present, where the litigation has been protracted and bitter; where the principal debtor has become bankrupt, and the surety is perfectly solvent, it is highly improbable that the plaintiff should remit a valid and well secured claim. The improbability is not removed by the evidence.

*Third*—Because the writ of *fieri facias* issued by the plaintiff prior to the taking of the rule was returned before its return day, and the proper demand was not made thereunder. The proper demand was made, it appers by the sheriff's return, first by the defendant, and next by the plaintiff's counsel. Lynch *v.* Bar, 10 Rob. 136; Levois *v.* Thibodaux, 13 An. 264. But the writ was returned two or three days before its term expired, and in an ordinary case this fact might be fatal to the plaintiff's proceeding. 10 Rob. 136. But in this instance it appears that, before the rule was taken, the principal debtor had gone into bankruptcy; that further pursuit of her property by means of *fieri facias* was impossible, and that the immediate liability of the surety was thus fixed. Under such circumstances, the reason of the rule laid down in 10 Rob. ceases. And the doctrine of the cases of Alley *v.* Hawthorn, 1 An. 122, and Wogan *v.* Thompson, 10 An. 284, applies, that if a creditor can not take out an execution, or proceed under one which has been taken out, by reason of a change in the condition of the judgment debtor's estate, which prevents its being reached by that process, no further ceremony on the creditor's part is necessary before a rule can be properly taken against the surety.

For these reasons it is ordered that the judgment be affirmed, with costs.