No. 6671.

HENRY PINARD VS. M. M. GEORGE. C. C. HALEY, SURETY.

An advertisement that " *all* the judgments" belonging to the succession of a certain decedent will be sold, is sufficiently specific to authorize the sale of every such judgment.

Neither the judgment debtor of a succession, nor the surety on the appeal bond of such debtor, is entitled to notice of the public sale of the judgment against such debtor, made in the course of administration.

The surety on an appeal bond, when his principal has been cast on appeal, may be proceeded against by rule for the amount of the judgment when the uncontradicted return of the sheriff on the *fi. fa.* against the principal, shows that after diligent search the principal could not be found; that the surety failed to point out property of the principal after being called on by the sheriff to do so; and that the sheriff could find no property of the principal to levy on.

Until traversed, and disproved, the declarations of the sheriff in his return on a writ of *fi. fa.* are taken to be true.

The surety on an appeal bond can not escape his liability on the ground that the sheriff's return on the *fi. fa.* against the principal on the bond was prematurely made, unless he proves that in some form or other that premature return has inured to his injury. To the extent of such injury, and only to that extent he would be discharged.

Where the attorney of the plaintiff in execution instructs the sheriff to make a return of *nulla bona*, it relieves the sheriff, from the necessity of calling on the plaintiff to point out property of the defendant.

A PPEAL from the Fourth District Court, parish of Orleans.  *Houston,* J.

*Louque & Fernandez* for plaintiff and appellee.

*J. Livingston* for surety and appellant.

The opinion of the court on the original hearing was delivered by DEBLANC, J., and on the application for a rehearing by EGAN, J.

DEBLANC, J.  During the pendency of this suit between the original parties, Henry Pinard died.  His widow prosecuted said suit as natural tutrix of her children and administratrix of the deceased's succession, and—as such—obtained against the defendant, M. M. George, a judg-

Pinard vs. George.

ment for $451, with interest. From that judgment, the said M. M. George took a suspensive appeal, and furnished bond in the sum of $800, with Cornelius C. Haley as her surety. The judgment appealed from was amended by this court, and increased to $687, with legal interest from the seventh of February 1873.

On the judgment thus rendered execution issued, and—on said execution—the sheriff made the following return: "Received February 7th 1877. After diligent search and inquiry, could not find the defendant. I was credibly informed that she was absent from the city. , I called upon C. C. Haley, security on the sequestration bond, to point out property belonging to defendant, which he failed to do, and the sheriff could not find any property upon which to levy. I, therefore, return this writ no property found, by order of plaintiff's attorney."

This return, signed by a deputy sheriff, was made on the twentieth of March 1877, and—on that day—on application of the widow and heirs of the late Henry Pinard, one of whom is the transferee of the judgment rendered against M. M. George, Cornelius C. Haley was ordered to show cause, on the third of April 1877, why he should not be held liable, as surety, on the appeal bond herein mentioned for the sum of $897.69.

He appeared, and—for answer to the rule taken against him—alleges:

1. That the plaintiffs in said rule were not the plaintiffs in the original suit.

2. That there is no evidence of the pretended transfer of the judgment against M. M. George, and that—if any such transfer does exist, he was not notified of it.

3. That no demand was made upon M. M. George, the defendant in the original suit, and that he can not be held liable as surety, and—if at all—but for the amount of his bond, and not until all legal means have been exhausted to recover from said defendant.

He was condemned to pay an amount equal, in principal and interest, to that of the judgment rendered against M. M. George; said amount not to exceed that of the bond signed by him as surety. He appealed, and plaintiffs in rule—considering the appeal as frivolous—pray, on that account, to be allowed damages against him.

The two first grounds of the surety's defence are not sustained by the facts. It is admitted that Henry Pinard, the son of the original plaintiff, is the transferee of the judgment against M. M. George, and that transferee—with the widow and heirs of said plaintiff—took the rule made absolute against appellant. We have before us, not only the adjudicatee of the aforesaid judgment, but every one of those who, heretofore, had an interest in it.

Respondent complains that the advertisement that a sale was to be made of the effects and credits belonging to the succession of the original plaintiff, was insufficient and not such as the law requires. That advertisement was as follows: "All claims and judgments in favor of Henry Pinard, deceased, a list of which is on file in this, the auctioneer's office." Neither he nor defendant George were entitled to notice of that sale, and—as they knew that a judgment had then already been rendered against said George and in favor of the legal representatives of said Pinard, they could not be deceived as to the fact that said judgment was certainly included in the advertisement of the intended sale of " all judgments in favor of Henry Pinard, deceased."

Is the sheriff's return on the execution sufficient to hold respondent as a surety on the appeal bond? That return mentions five distinct facts—1: After diligent search, the sheriff could not find defendant George—2: He was informed, and so believed, that defendant was absent from the city—3: He called upon Haley to point out property belonging to said George, and he failed to do so—4: He could not find any property of defendant upon which to levy—5: And, on the twenty-first of March returned the writ which he had received on the seventh of the preceding month.

Sheriffs are not required to accomplish impossibilities, and—in this case, the sheriff has done all that he could justly have been asked or expected to do. He diligently searched for and found neither the defendant, nor property belonging to her: he applied to Haley, who was her surety on two bonds—one furnished by her for the release of furniture sequestered by Pinard—one to obtain a suspensive appeal of the judgment obtained against her, and he failed to point out any property of the principal on said bond. We presume that, as Haley, the plaintiffs and their attorneys were unable to point out any, and—under the instructions of said attorneys, the writ was returned.

The sheriff's return stands uncontradicted: his statements are not denied in the answer of the surety, not refuted by any evidence, and that return creates at least a presumption that the principal on the bond is no longer in the city, and that she has no property which could or can be seized by the sheriff. Though not conclusive, though it may be traversed, that presumption justifies the creditor's action against the surety, and shifts the burden of proof. To avoid the effects of such a return, the surety must allege and prove its falsity; he must allege and prove that his principal does own property, rights or credits—which can be levied upon, and that he informed the sheriff of that fact: otherwise, many a bond of appeal would never mature.

In the case relied upon by the surety's counsel, and reported in 10th R. three executions had been issued: under the last one, no demand for

property of the debtor appeared to have been made of any one: the return on a previous one did not show that a demand had been made of plaintiff, his agent or counsel, and the declaration in that return that no property could be found, was contradicted on the trial. The demand on a plaintiff in execution is intended to prevent an improper return, one in the interest of the judgment debtor. When the sheriff has been unable to discover, the surety unable to point out any property of the defendant, and the creditor's counsel orders the return of the execution, we are bound to presume that he did so after the required demand by the sheriff, after having ascertained that defendant had no property which could have been seized.

Haley's counsel contends—in his printed argument—that the execution against defendant George has been returned too soon to fix the liability of his client as a surety. In the case of Duncan Stewart vs. Charles Lacoume, decided on the seventh of this month, we said: Had the surety on the bond proven that—on account of such a premature return—any property which could have been seized from the date of that return to that fixed by law and the writ for said return, was no longer subject to said writ, or had the surety proven that he has been in any way injured by said hasty action, he could certainly claim that, to the extent of the injury sustained, he has been discharged from his obligation.

In the case of A. H. Gale & Co. vs. Geo. W. Doll, our predecessors, discussing the same question, held that a similar defence could not avail the surety, because he had not shown in what he had been injured —and, in that case, the writ received by the sheriff, on the fifth of January, had been, by order of plaintiff's counsel, returned on the twelfth of said month:

28 A. p. 718. Ante. p.

We are not inclined to discourage the exercise of the constitutional privilege of appeal, but when that privilege is used to delay or defeat the enforcement of a just claim, those who sign the bond of appeal, whether as principals or as sureties, should remember that—in so doing. —they assume a liability and contract an obligation.

We do not consider the appeal as frivolous, and merely affirm the judgment with costs.

## ON APPLICATION FOR REHEARING.

EGAN, J. We are urged to grant a rehearing in this case on the ground that the sheriff's return does not show that the *fi. fa.* was returned *nulla bona* after demand upon the *plaintiff* as well as the defendant—that the law requires a demand upon both parties before

such return. It is only necessary to add to what was already said in an opinion heretofore read that this ground of objection was not set up in the answer of the surety to the rule, and that the sheriff's return is accompanied by the written instructions of plaintiff's attorney, which are referred to in the return itself. These instruct the sheriff to return the *fi. fa.* "No property found" after demand upon both parties. It was by virtue of this order that the writ was returned. A demand upon the attorney was for this purpose a demand on the plaintiff. We think, from all the facts in the record, that the law was substantially complied with.

It is therefore ordered that the rehearing asked for is refused.