McDONALD v. KARP, Appellant

(March 15, 1926. Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest — Sequestration — Par. 18, 25.—Appeal—Par. 345.**

When a plaintiff claims the ownership of an automobile and sequesters it in the hands of the defendant, who bonds the sequestration, and judgment is rendered against the defendant and becomes final, the plaintiff may proceed at once against the surety on the bond without issuing execution against the defendant.

2. **Louisiana Digest—Obligations—Par. 154, 156.**

Putting in default ceases to be essential when it is impossible or useless, or when the debtor refuses to comply with his obligation.

Appeal from Civil District Court, Division "D", Hon. Porter Parker, Judge.

Action by D. A. McDonald against J. Karp, the surety on a release sequestration bond.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Wm. H. Byrnes, Jr., Legier, McEnerny and Waguespack, of New Orleans, attorneys for plaintiff, appellee.

James B. Bosser, Jr., of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit against the surety on a release sequestration bond.

The plaintiff in the original suit against the defendant filed August 22, 1922, alleged that on August 7 he bought an automobile from the defendant Karp; that on August 18 said Karp took possession of said automobile illegally and drove it to a place of hiding; and he prayed for a sequestration and for judgment recognizing him as owner of said automobile. The sequestration issued and the sheriff took possession of the automobile. The defendant Karp obtained a release of the sequestration on furnishing a bond for $150 with Ray J. Martinez as surety.

After an answer filed by defendant Karp and sworn to by his attorney in the absence of Karp from the city there was judgment on April 10, 1923, in favor of plaintiff, recognizing him as the owner of the automobile and putting him in possession thereof. The attorney for the defendant was absent from the trial.

On April 25, 1923, the plaintiff, McDonold, filed a rule in which he alleged all the facts above related and further alleged that he had made diligent search to locate the said truck and the said J. Karp, all without avail; and on further suggesting to the Court that the delays within which the defendant might take a suspensive appeal have elapsed and that your mover desires now to have a personal judgment rendered against the said Ray J. Martinez, surety on the sequestration bond furnished by the defendant, and he concluded by praying that Martinez surety show cause "why a personal judgment should not be rendered against him and in favor of the said D. A. McDonald in the full and true sum of $150, together with all costs of these proceedings."

The rule was served upon Martinez in person.

On the trial of the rule, Martinez was absent and not represented.

The plaintiff testified:

"Q. Since obtaining the judgment, have you made any attempt to locate Mr. Karp or the truck?

"A. I have not.

"Q. Do you know where Mr. Karp is?

"A. I think he is out of town. Several parties would like to locate him.

"Q. Your information is that he has left town?

"A. Yes, sir.

"Q. What is your information as to where this truck is?

"A. I don't know; have no idea.

"Q. You have made demand on Mr. Martinez, the surety by this rule, to pay you the amount?

"A. Yes, sir."

There was judgment for plaintiff against Martinez for $150 and Martinez has appealed.

The defendant has argued in this Court that the rule against Martinez was premature, and that it should have been preceded by a writ against the defendant Karp and a judicial demand for the delivery of the automobile.

In support of his proposition he cites Welsh vs. Barrow, et al., 9 R. 535.

The facts of that case are as follows:

Welsh was overseer for Shields, owner of a sugar plantation; he sued him for $900, with privilege on the crop, his salary for the year 1841, and sequestered the crop in the hands of Barrow, who had purchased the plantation. Barrow bonded the sequestration with Grinage as surety. There was judgment in favor of Welsh against Shields for $900, with privilege on the crop. See Welsh vs. Shields, 6 Rob. 484, et al.

Thereafter Welsh sued Barrow and Grinage upon their bond for the amount thereof. Welsh vs. Barrow, 9 Rob. 535. The Court dismissed the suit, as in case of nonsuit, on the ground that Barrow, the principal on the bond, had not been put in default to deliver the property sequestered, and that no judgment had been rendered against him. But the case under consideration is different in this, that Karp, the principal on the bond, has refused to deliver the automobile, has been put in default for so doing, by this suit, and that judgment has been rendered against him condemning him to deliver the automobile, which he has failed to do.

The necessity of putting in default no longer obtains when it is impossible or useless. "Lex neminem cozit ad vana." 2 H. D. 1021, 2 L. D. 478, Garcia vs. Champonier, 8 La. 522, Hivert vs. Lacoze, 3 Rob. 358.

This principle is recognized in the Welsh case. The Court said on page 539:

"Non constat that the property sequestered was not in Barrow's possession at the time that the execution should have issued and that he was unable to deliver it then, so as to render the putting in default a useless and nugatory proceeding. If so, it was the duty of the plaintiff to show the fact by the return of the Sheriff on this execution, after an unsuccessful attempt to obtain its delivery, or to establish that our requiring it would prove inefficient." See also Noble & Kaiser vs. Warner, 21 La. Ann. 284, Downey vs. Kenner & Buckley, 42 La. Ann. 1129, 8 South. 302.

Default is also unnecessary when the debtor refuses to comply with the obligation. New Orleans & Nashville R. R. Co. vs. Ganalh & Co., 18 La. 510.

Article 596 of the Code of Practice provides that no suit shall be instituted against such security (on an appeal bond) until the necessary steps shall have been taken to enforce payment against the principal.

Yet it has been repeatedly decided that proceedings against the security may be instituted without previous steps against the principal on the bond when such steps would be impossible or useless. Wogan vs. Thompson, 10 La. Ann. 284; Bourgest vs. Adams, 11 La. Ann. 78; Trimble vs. Brichta, 11 La. Ann. 271; Alley vs. Hawthorne, 1 La. Ann. 122; LeBlanc vs. Succession of Massieu, 27 La. Ann. 325; Simonds vs. Heinn, 22 La. Ann. 297. That principle has been applied in sequestration cases. Downey vs. Kenner & Buckley, 42 La. Ann. 1129, 8 South. 302. When the principal is not present in the parish nor represented, the surety is liable. Pinard vs. George, 30 La. Ann. 386.

The plaintiff testified that from information received the defendant Karp was "out of town" and that he had made demand upon the surety. He could not be required to do more. On the trial of the rule against the surety, Martinez, he made no appearance. Upon the confirmation of a default less strictness of proof is required.

We are therefore of opinion that the judgment is correct and it is therefore affirmed.