A. WILMOT DALFERES, Judge ad hoc.
Plaintiff in the instant suit was plaintiff in a suit entitled Jack Walker v. Eugene Abadie, No. 377,708 of the Civil District Court, Parish of Orleans, Louisiana, Division “G”. On March 4, 1960, plaintiff obtained a judgment against the said Eugene Abadie, by default, in the amount of $19,619.50.
On March 22, 1960, plaintiff, through counsel, caused to be issued a writ of fieri facias to satisfy said judgment.
On May 29, 1961, plaintiff instituted these proceedings against L. J. Scanlon, Civil Sheriff of Orleans Parish, alleging that the writ of fieri facias issued on March 22, 1960, was not returned by defendant Sheriff within the seventy (70) days provided by existing law. It is plaintiff’s contention that the defendant, having failed to make due return on said writ of fieri facias within the seventy (70) days, that judgment should be rendered against him in the full amount of the writ. Plaintiff relies on the authority contained in LSA-R.S. 13:4284. Several defenses are urged to the action. The principal defense, however, appears to be that during this period a suspensive appeal was obtained and that all matters were held in status quo until the final decision of the Appellate Court.
On March 23, 1960, defendant in rule made a general seizure of the legal portion of Eugene Abadie’s salary in the hands of *571 Southern Produce Company, garnishee. On April 6, 1960, defendant in rule made a seizure under the writ of one Chevrolet pick-up truck and one Ford van body truck and sold the vehicles on May 20, 1960, or within the executory period of the writ issued March 22, 1960. \
At the time of the institution of suit, the provisions of LSA-R.S. 13:4284 as derived from the original Act No. 337 of 1885 as ■amended by Revised Statutes of 1870, Section 3408, was in full force and effect.
It was shown in evidence that a controversy arose as to priority of rights under two garnishments issued. After rendition ■of judgment by the trial court determining the rights of parties under the two garnishments, a suspensive appeal was taken. This matter was later compromised, and the suspension occasioned by the appeal was lifted. During this entire period, plaintiff’s attorney was fully acquainted with the numerous efforts of defendant Sheriff to obtain satisfaction of the judgment. Several payments were made to plaintiff by ■defendant Sheriff and funds under the various seizures and sales were paid to plaintiff as funds became available. The ■compromise entered into by plaintiff’s attorney is ample evidence of the knowledge of plaintiff as to every action of defendant. There is no evidence indicating that plaintiff suffered any monetary loss because of the failure of the Sheriff to file his' return within the seventy (70) day period.
LSA-R.S. 13:4284 is a penal statute and, therefore, the court in interpreting its provisions must apply the “strict construction” principle. Its operation must be confined to cases which are clearly within the letter of the statute, as well as within its ■spirit or reason. Gamburg v. City of Alexandria, La.App., 85 So.2d 276.
We do not interpret the law to be so restrictive that there should be a countdown beginning on the date of issuance of a writ and that on reaching the zero hour an otherwise worthless judgment or a judgment of little value would suddenly be worth its full face value. We must examine the spirit of the law and the intendment of the Legislature in enacting the legislation. Certainly the law was not intended to penalize a public official who was as aggressive as the defendant in the instant case. Gasquet et al. v. Robins, 2 La.Ann. 407; Lay v. Boyce, Sheriff, 3 La.Ann. 622.
The trial court, in a well-reasoned opinion, dismissed the action of plaintiff. Judgment of the trial court is therefore affirmed.
Affirmed.