MATTHEW P. PROVAN *v.* CHARLES E. PERCY, Administrator of THOMAS B. PERCY, deceased, and WM. H. BARROW.

The discharge of the surety, under Article 3030 of the Code, only takes place to the extent to which the acts of the creditor have prejudiced the recourse of the surety for reimbursement of what he may be obliged to pay under his contract of suretyship.

Article 3032 of the Code applies only to obligations payable at a time specified. Such term cannot be extended without the consent of the surety, and if extended, the entire release of the surety follows.

APPEAL from the District Court, Seventh District, Parish of West Feliciana, *Merrick*, J. *U. B. & E. Phillips*, for plaintiff. *Brewer & Collins*, for *Barrow*, appellant.

BUCHANAN, J. The defendant was surety on the bond of the tutor of plaintiff.

The balance due by the tutor to his ward was settled by a judgment of court at $27,849 66, with a tacit mortgage on all lands and slaves owned by the tutor since the date of the appointment.

The tutor having died, his estate was administered as an insolvent estate; and upon an account and tableau of distribution, filed by his administrator, the proceeds of the real estate ($18,075 75) were allotted to the plaintiff and another minor, to whom the deceased had been tutor. Both those parties opposed the homologation of the administrator's account; but compromised, and divided the fund between themselves, the plaintiff abandoning $7000 of the amount to the other claimant. The tutor had sold, some years before his death, a house and lot in Bayou Sara, which was subject to the general mortgage of the plaintiff. The plaintiff is admitted to have given the vendee of said house and lot a release of his tacit mortgage upon the same, in consideration of two hundred and fifty dollars paid him. It is proved that the present cash value of the said house and lot is two thousand dollars.

Under this state of facts, the District Court gave judgment against the defendant, in favor of plaintiff, upon the tutor's bond subscribed by the former as security, deducting the total amount of the proceeds of the real estate of the tutor, which was the subject of the compromise, in the same manner as if the plaintiff had received the total amount from the administrator; and also deducting the total cash value of the house and lot sold by the tutor, as if the plaintiff had seized and sold it under his tacit mortgage.

The defendant has appealed, and contends that he has been released *in toto* from his suretyship, by the act of the plaintiff, which has rendered impossible a subrogation to the tacit mortgage of the plaintiff in his favor.

We think the appellant has nothing to complain of. The judgment has allowed him all that the most complete subrogation to the rights of plaintiff could have entitled him to receive from the administrator and from the vendee of the tutor; and the discharge of the surety, under the provisions of Article 3030 of the Code, only takes place to the extent to which the acts of the creditor have prejudiced the recourse of the surety for reimbursement of what he may be obliged to pay under the contract of suretyship. Such is the construction put upon the Article by our predecessors in the case of *Saulet* v. *Trepagnier*, 2 An., 428.

The counsel of appellant quotes the 3032 Article, and contends that, as the discharge of the surety is entire in the case supposed by that Article, the same reason exists for a total discharge in the case at bar.

The Article 3032 refers to obligations payable at a term specified. Such term cannot be extended without the consent of the surety. The consequence of such extention is the entire release of the surety. The reason is plain. The term is part and parcel of the contract of suretyship. The surety has bound himself for a particular time, and no longer. The contract cannot be changed without making a new contract in the place of that made by the surety, who is no party to such new contract, unless he sanctions it by his consent.

Judgment affirmed, with costs.