SUMMERS, Justice.
 

 Certiorari was granted herein to review a judgment of the Court of Appeal, First Circuit, involving a rule to tax costs.
 

 A first suit filed on January 4, 1954, by Benjamin Roumain attacked the will of the late Annie Laurie Roumain Moody on the grounds of forgery. This suit was dismissed as of nonsuit on February 8, 1954, and the plaintiff therein, Benjamin Roumain, was cast for costs. On that same day a second suit was filed by Benjamin Roumain, which involved an attack upon the validity of the two wills of the decedent, Annie Laurie Roumain Moody— one of which was executed on November 1, 1952, and another on January 3, 1953, and both having named Thomas Franklin Moody as universal legatee and sole testamentary heir of the deceased. This latter suit was based upon the ground that testatrix lacked testamentary capacity when the wills were executed. The trial court dismissed the attack and recognized the will of January 3, 1953, to be the last will and testament of decedent. On appeal this court affirmed that judgment on April 25, ,1955, and ordered appellant, Benjamin Roumain, to pay all costs.
 

 Thereafter, in September 1955, Thomas Franklin Moody, the universal legatee, who-had been the successful litigant in the latter suit attacking the will, filed a rule to tax costs in both suits referred to above aggregating the sum of $14,360.56. The rule was directed to Benjamin Roumain, who-had been cast and ordered to pay all costs in both suits. Also, the rule was directed to J. P. Roumain, the surety on the cost bonds furnished in each case and the appeal bond which had been furnished by Benjamin Roumain as principal in connection with the appeal in the latter case.
 

 To this rule Benjamin Roumain and J. P.. Roumain filed separate exceptions of no-cause of action, no right of action, vagueness, res judicata and an exception which may be termed one of improper cumulation: of actions; and, reserving all rights, they filed separate answers to the rule.
 

 The exception of no right of action was. referred to the merits. The other exceptions were overruled. The rule to tax costs was tried on its merits, resulting in a judgment on May 27, 1960, in favor of' plaintiff in rule, Thomas Franklin Moody,, and against Benjamin Roumain and J. P. Roumain, in solido, making the rule absolute to the extent of fixing the fees of the experts in the total sum of $8,317.78.
 

 J. P. Roumain, the surety, having been: cast in solido with Benjamin Roumain, the principal, filed an application for rehearing-on June 20, 1960, ■ wherein he asserted,.
 
 *434
 
 among other things, that Benjamin Roumain had died in November 1958 which was after all of the evidence had been heard on the trial of the rule, but before oral arguments and prior to submitting the case on briefs and prior to the judgment rendered on May 27, 1960.
 

 On June 21, 1960, the court rendered judgment on rehearing in which it amended the judgment previously rendered therein and gave judgment only against J. P. Roumain in the sum of $8,000.00 which was the extent of his responsibility under the $3,~ 000 cost bond and $5,000 appeal bond executed by him as surety. The judgment further decreed that all rights of Thomas Franklin Moody against the succession of Benjamin Roumain be reserved.
 

 On appeal to the Court of Appeal, First Circuit, that court found that two bonds had been furnished covering the costs incurred ; that the appeal bond in the sum of $5,000 had superseded the cost bond in the sum of $3,000 and, therefore, judgment could not be rendered against the surety on both bonds. For this reason the judgment against J. P. Roumain was reduced to $5,-000, the amount of the appeal bond.
 

 Writs were granted on the application of J. P. Roumain limited to the question whether a judgment could be granted against a surety on an appeal bond without 'a showing that all remedies had been exhausted' against the principal or his estate.
 

 The conclusion we have réach'ed is that the judgment which has been rendered-herein against J. P. Roumain, surety on the appeal bond, is null and void and without effect, for no proper effort has been made to enforce the obligation to pay costs against the principal.
 

 Suretyship is an accessory promise by which a person binds himself for another already bound and agrees with the creditor to satisfy the obligation, if the principal does not. LSA-Civil Code, art. 3035. Suretyship should be confined within the limits of the language which creates the obligation. LSA-Civil Code, art. 3039. The Civil Code further provides that no suit shall be instituted against any surety on any appeal bond until the necessary steps have been taken to enforce payment against the principal. LSA-Civil' Code, art. 3066.
 

 The “necessary steps” which must be taken to enforce payment against the principal on an appeal bond before any proceeding can be had against the surety undoubtedly contemplates a proceeding to obtain a judgment against the principal fixing the extent of his obligation. It is obviously improper to proceed against a surety to fix the amount of the obligation of the principal without making the principal a party to the rule in order that he might urge those defenses he may consider proper. That is what happened here,
 
 *436
 
 for though the principal was originally made a party to the proceeding to tax costs, he died before judgment was rendered and, consequently, no judgment could be rendered against that principal without making his legal representatives parties. Any judgment thus rendered was an absolute nullity as to the principal. Navarro v. Derbes, et al., 211 La. 384, 30 So.2d 126 (1947). The district court recognized this and, although it originally rendered judgment in solido against the principal and surety, on rehearing, when the fact of Benjamin Roumain’s death was made known, the judgment on the rule to tax costs was amended to cast the surety only.
 

 Under the circumstances of this case, when the principal died, the proceeding for judgment against the surety alone was then without legality. Further proceedings against the surety could not be valid because the necessary step required to be taken to enforce the obligation against the principal (a judgment fixing the amount of the costs he had been obligated to pay) had not been completed.
 

 It is contended, however, that it should not be necessary to obtain judgment against a principal on an appeal bond on a rule to tax costs before proceeding against the surety. The argument is made that such a rule is merely ancillary to the definitive judgment for costs which had been rendered in the Supreme Court on April 25, 1955, against the principal while he was alive. By that judgment his obligation for payment of costs was made definitive, even though the amount was not fixed. Thus,, the argument proceeds, it cannot be maintained that a creditor must pursue the heirs or succession of a deceased principal on an ancillary rule to tax costs such as is here involved.
 

 The contention is unsound for the same reason that proceedings cannot be conducted against a deceased party on a principal demand without making his legal representative a party to the proceedings. It is true, as has been pointed out, that on-a rule to tax costs it is not a question of the obligation of the defendant in rule to pay costs, the question being simply what is. to be taxed as costs and how much. Wall v. Rabito, 144 La. 888, 81 So. 382 (1919). But however simple the question may be,, the fact remains that it cannot be adjudicated against a deceased party whose legal representative has not been made a party in his stead. The mode of proceeding, though ancillary, has the effect of an adjudication which, as this case amply demonstrates, may be of considerable consequence and the decedent’s heirs or succession must be properly represented. It offends any concept of justice or due process to conclude otherwise.
 

 The authorities which have been cited by counsel for Thomas Franklin Moody to the
 
 *438
 
 •effect that he need not proceed against the succession of the decedent before proceeding against the surety are not applicable here. See LeBlanc v. Succession of Charles Massieu, 27 La.Ann. 324 (1875); Simonds v. Heinn, 22 La.Ann. 296 (1870); Trimble v. Brichta, 11 La.Ann. 271 (1856) ; Wogan v. Thompson, 10 La.Ann. 284 (1855); Alley v. Hawthorne, 1 La.Ann. 122 (1846) and Mosely v. Overton, 153 So. 715 (La.App.1934). These cases involve a situation where, by a judgment, the principal’s obligation and the amount thereof has been fixed and, because of a “change in the principal’s position,” execution is sought against the surety. In the ■case at bar the amount of the costs to be taxed and, therefore, the amount of the principal’s obligation has never been determined contradictorily with the principal at all stages of the rule to tax costs. It is essential that this occur before any proceedings may be had to obtain judgment against the surety.
 

 In addition to the fact that there must be an adjudication of the amount of the principal’s obligation, there must be :some effort made to enforce the judgment thus obtained against the principal before proceedings may be had against the surety. This necessary procedural step is prescribed by Article 596 of the Code of Practice in effect at the time when the action herein complained of was prosecuted, together with Article 579 and LSA-R.S. 13 :- 4451 and the pertinent jurisprudence.
 

 In this case, because it is just, legal and proper (LSA-C.C.P. art. 2164), and in view of the fact that all of the rights of Thomas Franklin Moody against the Succession of Benjamin Roumain were reserved, we are remanding the case to the district court in order that Thomas Franklin Moody may cause the legal representative of the heirs or Succession of Benjamin Roumain to be made parties and against whom proceedings may be conducted contradictorily to tax costs. Thereafter, Thomas Franklin Moody may proceed as the law directs.
 

 Accordingly, for the reasons assigned, the judgments of the district court and the court of appeal are annulled, reversed and set aside and this cause is remanded to the district court for further proceeding according to law and in conformity with the views herein expressed.