309 So.2d 737 (1975)
AMERICAN INDEMNITY COMPANY and Geraldine Freibert
v.
Geraldine E. ROBERTSON and Victor Auton.
No. 6724.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
*738 Law Office of Emile L. Turner, Jr., David M. Packard, New Orleans, for plaintiffs-appellees.
Law offices of Steven R. Plotkin, New Orleans, James C. Azcona, for defendants-appellants.
Before SAMUEL, REDMANN and MORIAL, JJ.
MORIAL, Judge.
Is examination of a judgment debtor pursuant to LSA-C.C.P. Article 2451 et seq., a sufficient condition precedent to obtaining a decree against a surety on a suspensive appeal bond? We answer in the negative.
After judgment became executory, an examination of the judgment debtors was conducted in accordance with LSA-C.C.P. Article 2451 et seq. Thereafter, a motion for judgment against the surety was filed. The trial court rendered judgment against the surety. The surety appeals.
Suretyship is an accessory promise by which a person binds himself for another already bound and agrees with the creditor to satisfy the obligation, if the principal does not. LSA-R.C.C. Article 3035. This fundamental principal of suretyship is embodied in LSA-C.C.P. Article 2124, the pertinent part of which provides:
"A suspensive appeal bond shall provide, in substance, that it is furnished as security that the appellant will prosecute his appeal, that any judgment against him will be paid or satisfied from the proceeds of the sale of his property, or that otherwise the surety is liable for the amount of judgment." (emphasis supplied)
The foregoing postulate is consistent with the codal provision which states that no suit shall be instituted against any surety on any appeal bond "until the necessary steps have been taken to enforce payment against the principal." LSA-R.C.C. Article *739 3066. The "necessary steps" which must be taken to enforce payment against a judgment debtor on an appeal bond before any proceeding may be had against the surety undoubtedly contemplates a proceeding "in execution" of the judgment. This view is supported by LSA-R.S. 13:4451 which states in part:
"In all cases of appeal to any of the appellate courts, if the judgment appealed from be affirmed, the party in whose favor it is rendered on return of execution in the lower court that no property has been found, or not enough to satisfy the judgment and execution, after due demand on both parties, or their attorneys or legal representatives, may obtain a decree against the surety on the appeal bond, or his legal representative, for the amount of the judgment or any unsatisfied balance thereof, on motion, after ten days' notice. * * *"
Without equivocation the underscored language makes a nulla bona or insufficient property return of execution a prerequisite to obtaining a decree against the surety. Therefore, a surety on an appeal bond becomes liable only where it is shown that there is insufficient property of the debtor to satisfy execution. This fact can be proved only by the return of the officer charged with the execution of the judgment showing a compliance with all the requirements of the law. Under the conditions required by LSA-C.C.P. Article 2124 in a suspensive appeal bond the property of the debtor must be first discussed or seized, before the surety is obligated to pay the creditor.
The legislature did not intend the examination of a judgment debtor pursuant to LSA-C.C.P. Article 2451 to be execution or enforcement of a judgment for it provides:

"In aid of execution the judgment creditor may examine the judgment debtor, his books, papers, or documents, upon any matter relating to his property, either as provided in Articles 1421 through 1515 or as provided in Articles 2452 through 2456. (emphasis supplied)
That provision "in aid of execution" is in the nature of a discovery device to assist the creditor "in execution" or enforcement of his judgment. While the examination of the judgment debtors disclosed the net take home pay of the debtors, the purchase price and balance due on their home, their ownership of an automobile and the balance due on it, the amounts owed on several installment loans, and medical and hospital bills, there has been no seizure of the property of the judgment debtor. The surety on a suspensive appeal bond is not bound to pay until all of the property, both personal and real of the judgment debtor is first exhausted. William D. Seymour Co. Inc. v. Castell, 13 La.App. 365, 125 So. 896 (Orl.App.1930). This was not done in this case.
The recourse of the plaintiff in this instance, against the defendant was premature. Accordingly, the judgment is reversed.
Reversed.