FORET, Judge.
Doyle Wayne Craig (Plaintiff) filed a rule to show cause why an executory judgment should not issue commanding the Travelers Indemnity Company (Travelers), as surety on a suspensive appeal bond, to pay the full amount of the unpaid portion of a judgment rendered in favor of plaintiff.
The trial court, after hearing, overruled a declinatory exception of insufficiency of service of process and rendered judgment in favor of plaintiff.
Travelers appeals and presents three issues:
(1) Whether valid service of process was made upon Travelers;
(2) Whether Oían C. Holder, Jr., a principal to the suspensive appeal bond, should have been made a defendant to the rule against Travelers; and
(3) Whether the trial court should have allowed Travelers ten days to file an answer to plaintiff’s rule once it overruled the declinatory exception of insufficiency of service of process.
FACTS
Plaintiff was negligently injured in an automobile accident and was awarded judgment[1] in the sum of $74,351.71 against Oían C. Holder, Jr. (Holder) and his automobile liability insurer, Travelers.[2] Travelers’ liability was set at its policy limit of $10,000.00 for personal injury, and in addition, $500.00 for damage to plaintiff’s property.
Travelers and Holder were granted a sus-pensive appeal and were named as principals to the suspensive appeal bond. Travelers was also named as surety on the appeal bond. We affirmed plaintiff’s judgment in Craig v. Southeastern Fidelity Insurance Company, 377 So.2d 1271 (La.App. 3 Cir. 1979), writ denied, 381 So.2d 510 (La.1980).
Plaintiff attempted to execute on his judgment by having a writ of fieri facias issued, but the writ was returned nulla bona as no property belonging to Holder could be found. Plaintiff thereafter filed a rule against Travelers which is the subject of the present action.
Plaintiff alleged, as grounds for his rule, that Travelers was the surety on the sus-pensive appeal bond filed by it and Oían C. Holder, Jr., who failed and refused to pay the judgment against him. Therefore, plaintiff alleged that Travelers was liable for the unpaid balance on that judgment.
The trial court held a hearing on plaintiff’s rule on June 6, 1980 and rendered judgment against Travelers for the sum of $74,351.71, subject to a credit of $12,800.00 which it had already deposited in the registry of the court. Travelers was granted a devolutive appeal after its motion for a new trial was denied.
VALIDITY OF SERVICE OF PROCESS
Plaintiff instituted this summary proceeding[3] by a rule to show cause and attempted to effect service of process on Travelers by making personal service on *291 May 5, 1980, upon William Crews, Jr. Crews had represented Travelers and Olan C. Holder, Jr. in plaintiff’s earlier tort action. Crews filed a declinatory exception and alleged that he had no authority to accept service of process for Travelers. The trial court overruled the exception.
Travelers argues that the overruling of the declinatory exception filed by Crews constitutes error. Basically, Travelers contends that Crews was retained to represent it in plaintiff’s tort action and had no authority to accept service of plaintiff’s rule on its behalf. Therefore, Travelers takes the position that the judgment of the trial court rendered against it is an absolute nullity[4] since no valid service of process was made upon it.
Plaintiff argues, to the contrary, that under the clear provision of LSA-R.S. 13:4451, infra, personal service upon Crews was effective with respect to Travelers.
LSA-R.S. 13:4451 provides that:
“§ 4451. Judgment against surety on appeal bond
In all cases of appeal to any of the appellate courts, if the judgment appealed from be affirmed, the party in whose favor it is rendered on return of execution in the lower court that no property has been found, or not enough to satisfy the judgment and execution, after due demand on both parties, or their attorneys or legal representatives, may obtain a decree against the surety on the appeal bond, or his legal representative, for the amount of the judgment or any unsatisfied balance thereof, on motion, after ten days’ notice. This motion shall be tried summarily and without the intervention of a jury, unless the surety or his legal representative shall allege, under oath, that the signature to the bond, purporting to be that of the surety, is not genuine, or that judgment has been satisfied.” (Emphasis ours.)
The record leaves no doubt that Crews was attorney of record for Travelers and Oían C. Holder, Jr. in plaintiff’s tort action and their suspensive appeal therefrom. Crews signed Travelers’ and Holder’s pleadings and appeared for and represented them in those proceedings. Further, Crews signed the suspensive appeal bond on behalf of Travelers, in both its capacity as principal and surety thereto, as its legal representative. Therefore, valid service of process was made upon Travelers when Crews was personally served with plaintiff’s rule pursuant to the provisions of LSA-R.S. 13:4451.
PLAINTIFF’S FAILURE TO JOIN HOLDER
Travelers argues that Oían C. Holder, Jr. should have been made a party-defendant to plaintiff’s rule and cites Succession of Moody, 245 La. 429, 158 So.2d 601 (La.1963). We find no merit in this contention.
Moody involved a rule to tax costs against an unsuccessful appellant and the surety on appellant’s appeal bond. Appellant died before a judgment on the rule was rendered but the trial court proceeded to render judgment against the surety on the appeal bond. Moody held that where the principal on an appeal bond was originally made a party to a rule to tax costs but died before judgment was rendered and principal’s legal representatives were not made parties, proceeding for judgment against the surety alone was then without legality and judgment against the surety was invalid.
Certainly Moody can be distinguished on its facts from the action before us. Here, the judgment rendered against the principal on the suspensive appeal bond was affirmed. This had the effect of fixing the *292 extent of the principal’s obligation thereon. Therefore, plaintiff could properly proceed against the surety on the suspensive appeal bond, under LSA-R.S. 13:4451, supra, once return of execution in the trial court showed that no property of the principal could be found.
TRIAL COURT’S FAILURE TO ALLOW TRAVELERS TO ANSWER
The record indicates that Crews filed his declinatory exception of insufficiency of service of process on June 6, 1980, which was the same date on which the hearing on plaintiff’s rule was held. Travelers argues that, since Crews’ exception was overruled, the trial court should have afforded it ten days within which to file an answer to plaintiff’s rule and cites LSA-C. C.P. Article 1001. We find no merit in this contention.
LSA-C.C.P. Article 2593 provides that:
“Art. 2593. Pleadings
A summary proceeding m.iy be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law.
Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of on, the trial. An answer is not required, except as otherwise provided by law.
No responsive pleadings to an exception are permitted.” (Emphasis ours.)
Therefore, the trial court properly refused to allow Travelers ten days to file an answer to plaintiff’s rule.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All cost of this appeal are assessed against Travelers.

AFFIRMED.

. The Southeastern Fidelity Insurance Company was the automobile liability insurer of one of the original parties named as defendant in plaintiffs tort action, Marvin Sepulvado. The trial court dismissed plaintiffs demand against these two parties.
The reconventional demand of Oían C. Holder, Jr. against plaintiff, Southeastern Fidelity Insurance Company and Marvin Sepulvado was dismissed together with the third party demand of Southeastern Fidelity Insurance Company and Marvin Sepulvado against the plaintiff.

. We note that the automobile liability insurance policy issued to Oían C. Holder, Jr. simply bears the corporate name of the Travelers Insurance Companies. However, plaintiffs petition names the Travelers Indemnity Company as the insurer on that policy and the trial court’s original judgment is rendered against the Travelers Indemnity Company.

. LSA-C.C.P. Article 2592(4) provides:
“Art. 2592. Use of summary proceedings
Summary proceedings may be used for trial or disposition of the following matters only:

(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.”

. LSA-C.C.P. Article 2002(2) provides:
“Art. 2002. Annulment for vices of form; time for action
A final judgment shall be annulled if it is rendered:

(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;”