CHEHARDY, Chief Judge.
This is an appeal by judgment creditors from the district court’s denial of their attempt to recover against the the judgment debtors’ surety on an appeal bond.
The appellants are James George, Regina Johnson (for the use and benefit of the minor, Philip Johnson), John Johnson (as administrator of the estate of Eddie Johnson) and Carolyn Nelson (for the use and benefit of the minors Angela Johnson and Michael Johnson). Appellants were among the plaintiffs in the original lawsuit against Joseph E. Dupre and Firemen’s Fund Insurance Company, arising out of an automobile accident caused by Dupre that resulted in the death of James Johnson and injuries to James George. Judgment in that suit was rendered in favor of the appellants against Dupre and Firemen’s Fund on September 27, 1984.
Dupre and Firemen’s Fund appealed sus-pensively and furnished the appeal bond now at issue. On that appeal, Dupre and Firemen’s Fund took issue with certain aspects of the original judgment concerning parties not now before us. In an unpublished opinion, this court reversed some aspects of that judgment, but affirmed as to others. Nelson v. Dupre, No. 85-CA-54 c/w No. 85-CA-55 (May 13, 1985). We were silent regarding the liability of the defendants to the present appellants, except to limit the solidary liability of Firemen’s Fund to its policy limits ($5,000/$10,-000). We vacated the award for funeral expenses that had been made to “the administrator of the estate of Eddie Johnson” because no such person was a party to the suit — we pointed out that John Johnson had not been qualified as administrator of Eddie Johnson’s estate, therefore he could not recover on behalf of the estate.
Some months later the present appellants filed a motion seeking to recover a total of $80,479.65 under the appeal bond. (Although the motion was styled “Motion for Summary Judgment on Surety Bond,” the proceeding was actually a rule to show cause pursuant to LSA-R.S. 13:4451, the statute governing judgment against a surety on an appeal bond.) After a hearing, the district court rendered judgment denying the motion, stating,
“Of several judgments rendered by this Court only the judgment rendered in favor of the estate of Eddie Johnson was affirmed. The administrator of the estate of Eddie Johnson is not a party to the motion before this Court at this time.
“Movers herein have no standing to recover against a surety bond which was not filed in connection with their appeal, thus the motion for a summary judgment on said surety bond must be denied.”
The movers have appealed. We affirm the judgment denying recovery on the surety bond, but for different reasons than those assigned by the district court.
First, we find the district court erred in ruling that only the judgment in favor of the estate of Eddie Johnson was affirmed. Although the defendants did not challenge the awards to James George, Regina Johnson and Carolyn Nelson in the earlier appeal, those awards were affirmed by implication because they were part of the judgment on appeal and our opinion was silent as to them.
Next, the district court erred in stating that the bond was not filed in connection with the movers’ portion of the case. Although Firemen’s Fund was solidarity liable with Dupre only to the extent of its $5,000 per person/$10,000 per accident policy terms, the appeal bond contained no such limitation:
“NOW, THEREFORE, we the undersigned Joseph Dupre & Fireman’s Fund, as principal, and National Surety Corporation, as surety, * * * do by these presents promise and agree that Joseph E. Dupre and Fireman’s Fund Insurance *1159 Company, appellants, shall prosecute the said appeal and that they shall satisfy whatever judgment may be rendered against them, or that the same shall be satisfied by the proceeds of the sale of its estate, real or personal, if it be cast in its appeal and that otherwise the undersigned National Surety Corp., as surety, will be liable in its place.
“And for the payment or performance of the above obligation we are by these presents held and firmly bound unto Harold L. Montegut, Jr., Clerk of Court * *, in the sum of $221,600.00 for the benefit of any appellee, for any liability that may accrue in favor of any appellee on account of this appeal.”
According to both the wording of the bond and the amount of security furnished, the bond covered the liability of Dupre and of Firemen’s Fund to any appellee. Contrary to the surety’s contention, there is no indication that the bond was intended to be limited only to the extent of Firemen’s Fund’s liability under its policy. See Corkem v. Main Insurance Company, Chicago, Illinois, 289 So.2d 334 (La.App. 1 Cir.1973), writ refused 293 So.2d 168. Cf. Bordelon v. Safeway Ins. Co., 398 So.2d 183 (La.App. 3 Cir.1981), writ denied 404 So.2d 280.
Although we find the trial court erred on both grounds it assigned for its decision, nonetheless we affirm the judgment because we find the movers failed to establish a prima facie case that they are entitled to recover from the surety at this time.
LSA-C.C. art. 3066 states that, although a judicial surety cannot demand discussion of the principal debtor’s property, no suit shall be instituted against any surety on any appeal bond until the necessary steps have been taken to enforce payment against the principal. “The mode of proceeding against sureties on official bonds, is prescribed by special laws.” Id.
The “special law” that provides for recovery on appeal bonds is LSA-R.S. 13:4451:
“In all cases of appeal to any of the appellate courts, if the judgment appealed from be affirmed, the party in whose favor it is rendered on return of execution in the lower court that no property has been found, or not enough to satisfy the judgment and execution, after due demand on both parties, or their attorneys or legal representatives, may obtain a decree against the surety on the appeal bond, or his legal representative, for the amount of the judgment or any unsatisfied balance thereof, on motion, after ten days’ notice. This motion shall be tried summarily and without the intervention of a jury, unless the surety or his legal representative shall allege, under oath, that the signature to the bond, purporting to be that of the surety, is not genuine, or that judgment has been satisfied.”
These laws establish unequivocally that a nulla bona or insufficient property return of execution is a prerequisite to obtaining a decree against the surety; a surety on an appeal bond becomes liable only where it is shown that there is insufficient property of the debtor to satisfy execution. American Indemnity Company v. Robertson, 309 So.2d 737 (La.App. 4 Cir.1975). “This fact can be proved only by the return of the officer charged with the execution of the judgment showing a compliance with all the requirements of the law.” Id. See Succession of Moody, 245 La. 429, 158 So.2d 601 (1963); LSA-C.C.P. arts. 2291 and 2411 (execution of money judgments by writ of fieri facias).
There is nothing in the record to prove any official attempt by the appellants to execute their judgment against Dupre and Firemen’s Fund, the principals on the appeal bond. Appellants stated in their brief that at the hearing on the motion to recover against the surety, one of their attorneys took the stand. He testified he had made efforts to determine the extent of Dupre’s assets, discovering thereby that Dupre had “effectively dispossessed himself of all assets,” and that “any issuance of a seizure by the court’s office would be a vain and useless gesture because Mr. Dupre apparently has no assets.”
A reviewing court cannot take cognizance of stated facts that are not in the *1160 record. Discon v. Saray, Inc., 262 La. 997, 265 So.2d 765 (La.1972). There is no transcript of this testimony in the record. Even if there were, however, this would not establish a prima facie case upon which plaintiffs could recover against the surety. The officers of the court are the persons charged with executing judgments and only an unexecuted return of a writ of fieri facias satisfies the requirements of R.S. 13:4451.
We refer again to American Indemnity Company v. Robertson, supra, in which the court pointed out that even a court rule to examine a judgment debtor under LSA-C.C.P. art. 2451 is simply a discovery device or an aid in execution of a judgment; it does not itself constitute an execution of the judgment and therefore is not a sufficient condition precedent to a decree against a surety on an appeal bond. If an official judgment debtor rule is not sufficient, certainly informal attempts by the plaintiffs’ attorney to ascertain the debt- or’s assets are insufficient.
We conclude, therefore, that the recourse of the appellants against the surety was premature. Accordingly, the judgment is affirmed. The matter is remanded for further proceedings consistent with the views expressed in this opinion. Costs of this appeal are to be paid by appellants.
AFFIRMED.